CITED *in Bennett* v. *Benson,* 1 *Dutch.* 169.

---

THE STATE v. WALDRON ET AL.

On *Certiorari* to the Somerset Common Pleas to send

The State v. Waldron et al.

up the proceedings and return of surveyors of highways.

If the return of a road be filed with the county clerk during term time of the Common Pleas; a person supposing himself aggrieved, is entitled to fifteen days after such filing, to consider whether to enter a caveat against recording the return; and if the court rise before the expiration of the fifteen days, the caveator may apply at the next succeeding term of the court, for the appointment of freeholders to review the road.

The application for appointing surveyors to lay out a road, need not name the owner of the land at the beginning place. Precision and certainty therein of the intent of the petitioners, is sufficient.

*T. A. Hartwell* for plaintiff.
*W. Thompson* for defendant.

NEVIUS, J. Various reasons have been assigned why the return of the surveyors should be set aside in this case, and that this court should correct the errors of the Common Pleas; which I will consider in the order presented. The

First reason urged is that the application to the court for the appointment of Surveyors, is insufficient and defective, as it does not name the owner of the land, where the road is to begin.— It is not necessary that it should. All that the law requires, is that the beginning and end and general course of the contemplated road, should be described in the petition with so much precision and certainty, as to leave no doubt as to the intent of the applicants. The petition in the present case, describes the beginning point as follows, to wit: " to begin on the top of the first mountain in the township of Warren, at the forks of the road near John Limberger's house, and southerly of said house." No greater degree of certainty would have been given to the description, if the owner of the land had been named. The

Second and third reasons assigned are, that the affidavit annexed to the notice of the application, is insufficient, and that there was no proof before the court, that the applicants were Freeholders and residents in the county. On inspecting the affidavit endorsed on the notice, and sworn to in open court, it appears that the notices were put up according to law, and that the persons who signed them, were both residents and freeholders in the county; and by reference to the petition, it also appears that the applicants are the same persons who signed the

notice. The law requires that due proof be made before the court, that the notices or advertisements of the application, have been put up, and that the judgment of the court, upon such proof, shall be conclusive and final. The court by their order of appointment here, have declared that judgment, and the proof was sufficient to warrant the decision. It is urged in the

Fourth place, that there was no proof before the Surveyors, that the time and place of their meeting had been advertised according to law. The return certifies that due proof was made before them, that the same was legally advertised. This return is not impeached by any evidence before this court; a mutilated paper is exhibited, purporting to be a copy of the order of the appointment of the Surveyors, and signed by some eight or ten of the applicants, and proved to have been picked up at one of the places where a notice was said to have been put up. And it is further proved, that this paper is in all respects like the one produced before the surveyors, as the copy of the advertisement of their meeting. But admitting this to be the form of the notice, that was used, it was sufficient to answer the requirement of the act: it was in subtance if not in form, all that was necessary. It specifies the time and place, and purpose of meeting, according to the direction of the court, and is signed by at least two of the applicants. The object is, public notice of the meeting of the surveyors, and no form of such notice is prescribed. The surveyors deemed this sufficient, and I cannot say they were wrong. The

Fifth reason assigned for setting aside this order, is that the surveyors have not laid out the road as applied for, and have laid it through part of a dwelling house. We have no evidence before us, showing that the road returned, varies from the one described in the petition. In regard to its running through a dwelling house, it is indeed proved by the affidavit of C. C. Brokaw, that the dwelling house of William Tucker, stands six and a half feet on the road as laid out; but he further states in his affidavit, that the appointment of the surveyors, was made before this house was built or commenced, and that when the road was laid out, the masons were at work on the foundation. This reason therefore is not verified, as the road did not take part of a dwel-

ling house, but the house afterwards erected, encroached upon part of the road.

The last objection insisted by counsel, is that the Court of Common Pleas erred, in refusing to appoint freeholders to review the proceedings of the surveyors.

The return of the surveyors is dated the 14th of June, 1837, and filed with the clerk on the 16th of the same month. On the 28th day of June, Jacob Degroot filed his caveat against recording said return. To a rule obtained from this court, the clerk of Somerset certifies and returns, that the June term of the court of Common Pleas of that county, closed on the same day that the caveat was filed, and that the court had adjourned before the filing thereof. The application for the appointment of freeholders, was made by the caveator at the October term, being the next succeeding term of that court.

The statute provides that the return of the surveyors, shall not be recorded until the expiration of fifteen days from the time it shall be received by the clerk, so that any person being aggrieved, may within that time enter a caveat which shall operate as a supersedeas to further proceedings, until the next court— and that such person having entered a caveat as aforesaid, may make application in writing to the court of Common Pleas *succeeding*, and the said court *shall*, during the term in which said application is made, appoint six of the chosen freeholders to review, &c. By the next succeeding term, is clearly to be understood the term next after the filing of the caveat. Jacob Degroot therefore, having filed his caveat within the time limited by law, and having made his request for the appointment of freeholders at the next succeeding term of the court, the court was bound by law to make the order of appointment; and in refusing to do so, committed an error which it is the duty of this court to correct.

For this cause, I am of opinion that the matter be remanded to the Court of Common Pleas, to be proceeded in according to law.

HORNBLOWER, C. J. I concur in the foregoing opinion, and am clear upon the last point. The statute intended to give a party supposing himself aggrieved, fifteen days to file a caveat

against recording the return. He has all that time to deliberate upon the matter, and if he files his caveat on the last of the fifteen days, he has until the next succeeding term, to apply for the appointment of freeholders, notwithstanding the court may have been in session the day on which the caveat was filed. I am also clear, that the proceedings ought to be sent back to the Common Pleas, to be proceeded in according to law : that is, by appointing freeholders. The statute in this respect, is directory to the court, and if the application is made to them properly, and in season, they cannot defeat the road, or the review of it by freeholders, by neglecting to make the appointment when applied for. If they cannot now make the appointment, this court must either set aside the return of the surveyors, although their proceedings have been correct, or affirm the road, without affording the caveator, the benefit of a review by freeholders. The court of common Pleas cannot produce either of these results, by refusing or neglecting to appoint freeholders, when by law, they ought to have made the appointment. The statute interposes no difficulty on this point : the freeholders are to make their return to the next court, succeeding that in which they were appointed ; not the court at which the application for their appointment was made. *Elm. Dig.* 474, *Sect.* 7.

FORD, WHITE and DAYTON, Justices, concurred

*Proceedings remanded, &c.*